IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN MCCANN, MD and TMS OF LOUISIANA, LLC<br><br>v.<br><br>NEURONETICS, INC. and LEAF CAPITAL FUNDING, LLC | CIVIL ACTION<br><br>NO. 21-1132 |

MEMORANDUM RE: DEFENDANT'S MOTION TO COMPEL ARBITRATION

AND STAY PROCEEDINGS

**Baylson, J.**                                                                                                          **November 17, 2021**

Before the Court is Defendant Neuroentics, Inc.'s Motion to Compel Arbitration and Stay Proceedings. Plaintiffs Shawn McCann, MD and TMS of Louisiana, LLC have brought claims for fraud, breach of contract, and unjust enrichment. Defendant seeks to compel arbitration of Plaintiffs' claims. The Court finds that Defendant is entitled to arbitration.

**I.      Background**

This case concerns a contract signed by Plaintiff Shawn McCann, MD for the purchase of two NeuroStar Advanced Therapy Systems, which are used for transcranial magnetic stimulation (TMS), from Defendant Neuronetics. Plaintiff TMS of Louisiana is a limited liability company formed for the purpose of providing TMS treatment in central Louisiana. (Compl. ¶¶ 8–9.) Plantiffs allege that after McCann purchased the NeuroStar machines, he learned from NeuroStar that he would be unable to bill Medicare and most private insurers for TMS treatments under his primary care specialty. McCann also learned that technicians performing TMS treatment with the NeuroStar machines must be supervised by an on-site physician. (Id. ¶¶ 77–81.) Plaintiffs allege

1

that Neuronetics made false representations to the contrary on both these issues prior to the purchase of the NeuroStar machines. (Id.)

Concluding that the NeuroStar machines were unusable, McCann joined with TMS of Louisiana to file the present Complaint (ECF 1) against Neuronetics and Leaf Capital Funding, a limited liability company that financed the purchase of the two NeuroStar Advanced Therapy Systems. (Id. ¶ 10.) The claims against Leaf Capital have since been voluntarily dismissed (ECF 8), leaving Neuronetics as the sole defendant in this case. Plaintiffs bring claims for fraud, unjust enrichment, and breach of contract. (Id. ¶¶ 96–131.) Plaintiffs also seek a declaratory judgment in their favor. (Id. ¶¶ 132–38.)

Complicating Plaintiffs' suit is that the contract between McCann and Neuronetics contains a provision stating in relevant part that "[a]ny controversy or claim arising out of or relating to this Agreement, or its breach, shall be subject to non-binding mediation prior to binding arbitration in Chester, County Philadelphia." (Id., Ex. B § 16.) Invoking this provision, Defendant filed a Motion to Compel Arbitration and Stay Proceedings. (ECF 19.) Defendant argues that the Plaintiffs' claims plainly fall within the scope of a valid arbitration agreement.

Plaintiffs filed a Response. (ECF 21.) Plaintiffs contend that their fraud claim alleges fraud in the execution of the contract, and that therefore the claim can be adjudicated by the Court regardless of the arbitration provision. Plaintiffs also assert that they were fraudulently induced to agree to the arbitration provision, rendering the provision invalid. Finally, Plaintiffs argue that the arbitration provision is unconscionable. Defendant filed a Reply (ECF 22.)

## II. Legal Standard

The Federal Arbitration Act (FAA) provides that as a matter of federal law, "[a] written provision" in a commercial contract evidencing an intention to settle disputes by arbitration "shall

be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects a "strong federal policy in favor of resolving disputes through arbitration." Century Indem. Co. v. Certain Underwriters at Lloyd's, 584 F.3d 513, 522 (3d Cir. 2009).

To compel arbitration under the FAA, a court must find that: (1) the parties entered into a valid agreement to arbitrate; and (2) plaintiff's claims fall within the scope of the arbitration agreement. Century Indem. Co., 584 F.3d at 523. In determining whether there is a valid arbitration agreement, the Court applies "ordinary state-law principles that govern the formation of contracts." Id. at 524 (quoting First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995)). Arbitration provisions may be invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (quoting Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996)).

In deciding a motion to compel arbitration, courts in the Third Circuit apply either a motion to dismiss standard or a motion for summary judgment standard. "[W]here the affirmative defense of arbitrability of claims is apparent on the face of a complaint (or . . . documents relied upon in the complaint)," the FAA "favor[s] resolving a motion to compel arbitration under a motion to dismiss standard without the inherent delay of discovery." Guidotti v. Legal Helpers Debt Resol., L.L.C., 716 F.3d 764, 773–74 (3d Cir. 2013) (quoting Somerset Consulting, LLC v. United Cap. Lenders, LLC, 832 F. Supp. 2d 474, 481–82 (E.D. Pa. 2011) (Dalzell, J.)). However, "when the complaint and incorporated documents facially establish arbitrability but the non-movant has come forward with enough evidence in response to the motion to compel arbitration to place the question in issue," courts instead apply a summary judgment standard. Id. at 774.

### III. Discussion

#### a. Fraud in the Execution of the Contract

"[F]raud in the inducement [is] where a party alleges that he was induced into entering the agreement through the other's fraud, and fraud in the execution [is] where a party alleges that he was mistaken as to the terms and the actual contents of the agreement he executed due to the other's fraud." Toy v. Metro. Life Ins. Co., 928 A.2d 186, 206 (Pa. 2007). Fraud in the execution voids a contract as if it had never been executed. MZM Constr. Co., Inc. v. N.J. Bldg. Laborers Statewide Benefit Funds, 974 F.3d 386, 396 (3d Cir. 2020). "To prevail on a defense of fraud in the execution, a party must show 'excusable ignorance of the contents of the writing signed.'" Agathos v. Starlite Motel, 977 F.2d 1500, 1505 (3d Cir. 1992) (citation omitted). The party claiming fraud must show as well that they signed a contract that was "radically different" from that which they believed they were signing. See Connors v. Fawn Min. Corp., 30 F.3d 483, 491 (3d Cir. 1994) (quoting John D. Calamari & Joseph M. Perillo, The Law of Contracts § 9–22 (3d ed. 1987).

Plaintiffs contend that they have stated a claim for fraud in the execution because McCann understood the term "physician" as used in the contract to be more inclusive than turned out to be the case, and he purchased the NeuroStar products in reliance on this erroneous understanding. (Pls.' Resp. 17.) However, Plaintiffs have not alleged that there were certain terms they were led to believe would be included in the contract that were omitted, or certain terms they were led to believe would be omitted that were included. To the contrary, Plaintiffs aver that "the use of the vanilla term 'physician' in the Authorized Used Provisions . . . is consistent with Defendant's fraudulent misrepresentations." (Id.)

What Plaintiffs have alleged is that Neuronetics made material misrepresentations that led McCann to interpret a term in the contract in a particular way. This is a claim for fraud in the

4

inducement, not fraud in the execution. See Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1300 (3d Cir. 1996) (discussing how "[f]raud in the execution applies to situations where parties agree to include certain terms in an agreement, but such terms are not included," whereas fraud in the inducement "does not involve terms omitted from an agreement, but rather allegations of oral representations on which the other party relied in entering into the agreement"). The Court finds that Plaintiffs have not pleaded fraud in the execution.

### b. Fraud in the Inducement of the Arbitration Provision

Although a claim of fraud in the inducement of the container contract is for the arbitrator to decide, a claim of fraud in the inducement of the arbitration provision specifically is for the Court to decide. MZM Constr. Co., Inc., 974 F.3d at 397. Plaintiffs argue that they were fraudulently induced into agreeing to the arbitration provision because the provision was "buried" on the ninth of the contract's fourteen pages and there was no discussion between the parties regarding the provision. (Pls.' Resp. 18–19.) Plaintiffs' allegation is not that Neuronetics made any active misrepresentations regarding the arbitration provision, but rather that Neuronetics failed to affirmatively draw Plaintiffs' attention to the provision. However, Neuronetics was under no obligation to do so. See Cent. Rsrv. Life Ins. Co. v. Marello, No. CIV. A. 00-3344, 2000 WL 1474106, at *2 (E.D. Pa. Oct. 4, 2000), aff'd, 281 F.3d 219 (3d Cir. 2001) ("That [the defendant] may not have highlighted the language in the contract, which [the plaintiff] signed, neither amounts to fraud nor justifies avoiding the arbitration clause."). Nor does the FAA require that agreement to an arbitration provision being knowing and voluntary. Seus v. John Nuveen & Co., 146 F.3d 175, 183 (3d Cir. 1998). The Court finds that Plaintiffs have not established that they were fraudulently induced into agreeing to the arbitration provision.

**c. Unconscionability**

Under Pennsylvania law, a party challenging an arbitration provision on the grounds that the provision is unconscionable must establish that the provision is both procedurally and substantively unconscionable. Zimmer v. CooperNeff Advisors, Inc., 523 F.3d 224, 230 (3d Cir. 2008). "Procedural unconscionability refers specifically to 'the process by which an agreement is reached and the form of an agreement, including the use therein of fine print and convoluted or unclear language,'" whereas "[s]ubstantive unconscionability looks to whether the arbitration provision 'unreasonably favors the party asserting it.'" Id. at 228 (citations omitted).

Plaintiffs argue that the arbitration provision is procedurally unconscionable because the contract containing the provision is an adhesion contract. (Pls.' Resp. 20.) An adhesion contract "is one which is prepared by the party with excessive bargaining power who presents it to the other party for signature on a take-it-or-leave-it basis." Parilla v. IAP Worldwide Servs., VI, Inc., 368 F.3d 269, 276 (quoting Alexander v. Anthony Int'l, L.P., 341 F.3d 256, 265 (3d Cir. 2003)). Adhesion contracts are procedurally unconscionable. Id. Defendant further argues that the arbitration provision is substantively unconscionable because of the unequal financial resources of an individual physician compared to Neuronetics, as well as the inability of an individual physician to recover their costs unless and until the physician substantially prevails in the arbitration. (Pls.' Resp. 21.)

Regardless of whether the contract in this case is an adhesion contract, the substantive conscionability of the arbitration provision is clear. Indeed, the provision resembles a standard provision recommend by the American Arbitration Association for general commercial use. See American Arbitration Association, Drafting Dispute Resolution Clauses: A Practical Guide 10 (2013). Plaintiffs' objections to the substantive conscionability of the arbitration provision are

very general and would be just as applicable were this dispute to be settled in court.  See <u>Dabney v. Option One Mortg. Corp.</u>, No. CIV. A. 00-5831, 2001 WL 410543, at *4 (E.D. Pa. Apr. 19, 2001) (Padova, J.) ("To the extent that the Arbitration Agreement requires Plaintiff to pay her own attorney's fees and litigation expenses, such burden is one borne by any litigant in federal court as well.").  For this reason, the Court finds that the arbitration provision is not unconscionable.

**IV.    Conclusion**

For the foregoing reasons, the Court will grant Defendant's Motion to Compel Arbitration and Stay Proceedings.  An appropriate Order follows.

O:\CIVIL 21\21-1132 McCann et al v. Neuronetics, Inc. et al\21cv1132 Memorandum re Motion to Compel Arbitration.docx